**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| IONA CHANEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 3:20-CV-398 |
| ) | |
| MASONITE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Iona Chaney ("Chaney" or "Plaintiff"), by counsel, bring this action against Defendant, Masonite Corporation ("Defendant"), and shows as follows:

## OVERVIEW

Plaintiff bring this action brought under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") 42 U.S.C. §2000e, et. seq. and the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §621. et. seq. Plaintiff alleges that she was discriminated against because of her gender and her age.

## PARTIES

1. Chaney is an individual who resides in Indiana. She was employed by Defendant and was at all times relevant to this matter an employee as defined by 42 U.S.C. §2000e(f), 29 and U.S.C. §626(f).

2. At all relevant times Defendant was continuously doing business in the state of Indiana and is an employer as defined by 42 U.S.C. §2000e(b) and 29 U.S.C. §630(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e-5(f)(3), and 29 U.S.C. §626(b).

4. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing her Complaint within ninety (90) days thereof.

5. As all events pertinent to this lawsuit occurred within the Northern District of Indiana, venue in this Court is proper.

## FACTS

6. Chaney was hired by Defendant in or about November 2014 after she enjoyed a successful stint as a temporary employee. At the time of her separation, she was a Category 1 Laborer. The decision to hire Chaney was largely made and directed by Human Resources.

7. Throughout her employment, Chaney's performance was comparable to that of her peers and met company expectations.

8. Chaney was born in 1955.

9. Throughout the course of her employment, Chaney applied for or otherwise expressed interest in promotional opportunities. Moreover, Human Resources recommended her for possible promotions. Chaney was denied these promotions.

10. On occasion, the explanation given for not promoting Chaney was because she was an 'old hag.'

11. Defendant would hold morning shift meetings. During these meetings, comments were regularly made about older employees, referring to Chaney and others as the "geriatric ward."

12. Chaney was terminated for a statement attributed to her. Defendant circumvented its typical process to terminate Chaney for the allegation made against her.

13. Defendant contends Human Resources was involved in the decision to terminate Chaney.

14. Defendant's agents – primarily managers – were opposed to hiring older employees.

15. Younger, male employees who had suspect qualifications for positions that were available were nevertheless given a chance to prove themselves on the job. Chaney was not afforded this opportunity.

16. Chaney was harmed by Defendant's conduct.

## LEGAL CLAIMS

## COUNT I: SEX DISCRIMINATION

17. Plaintiff hereby incorporates by reference paragraphs one (1) through fourteen (16) of this Complaint.

18. Plaintiff was discriminated against because of her gender with respect to promotional opportunities and her termination.

19. Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Plaintiff under Title VII.

20. Plaintiff has suffered injury as a result of Defendant's unlawful conduct.

## COUNT II: AGE DISCRIMINATION

21. Plaintiff hereby incorporates by reference paragraphs one (1) through eighteen (20) of this Complaint.

22. Plaintiff was discriminated against because of her age with regards to being denied promotional opportunities and her termination.

23. Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Plaintiff under the ADEA.

24. Plaintiff has suffered injury as a result of Defendant's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Iona Chaney, respectfully requests the following:

a) An Order finding Defendant liable for back wages in an amount to make Plaintiff whole;

b) An Order finding Defendant liable for compensatory damages in an amount to make Plaintiff whole;

c) An Order awarding Plaintiff punitive and liquidated damages as a penalty for Defendant's intentional, unlawful conduct;

d) An Order awarding Plaintiff the costs of this action;

e) An Order awarding Plaintiff her attorneys' fees;

f) An Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm, LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone: (317) 500-0700
Facsimile: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

        Respectfully submitted,

        s/ Christopher S. Wolcott
        Christopher S. Wolcott (#23259-32)
        The Wolcott Law Firm, LLC
        450 East 96th Street, Suite 500
        Indianapolis, Indiana 46240
        Telephone:   (317) 500-0700
        Facsimile:    (317) 732-1196
        E-Mail:   indy2buck@hotmail.com

        Attorney for Plaintiff